(R.D. 11731)

MOREY MACHINERY COMPANY, INC. *v.* UNITED STATES

Entry Nos. 793037, etc.

(Decided December 14, 1970)

*Siegel, Mandell & Davidson* (*Joseph S. Kaplan* and *Allan H. Kamnitz* of counsel) for the plaintiff.

*Carl Eardley*, Acting Assistant Attorney General (*Brian S. Goldstein* and *Peter Jay Baskin*, trial attorneys), for the defendant.

FORD, Judge: This action covering the appeals for reappraisement set forth in schedule "A," annexed hereto and made a part hereof, is being brought to determine the proper dutiable value of certain radial drills, models R915–L, R1220 M.P. and R1880 M.P. Appraisement was made on the basis of foreign value under section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at various figures in lira, less 10 percent, plus 3.3 percent or 4 percent (depending upon the date of exportation), plus 2 percent or a given United States dollar value for packing.

Plaintiff contends alternatively that the merchandise is subject to appraisement on the basis of export value either under section 402a(d) or 402(b), Tariff Act of 1930, as amended, *supra*, at invoice unit values, plus 4 percent.

The pertinent statutory provisions read as follows:

Section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

> *Export Value.*—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold

or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Section 402a(c), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

*Foreign Value.*—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Section 402a(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

*Export Value.*—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The record consists of the testimony of 3 witnesses called on behalf of plaintiff and 14 exhibits as well as the testimony of a witness called on behalf of defendant and 2 exhibits. The testimony of the witnesses, except that of Import Specialist Feinstein, basically relates to the question of whether a radial drill is a drill press for the purpose of determining whether the imported merchandise is or is not on the final list promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521.

In view of the fact that plaintiff contends the basis of appraisement should have been export value, whether or not on the list, a part of statutory burden imposed on plaintiff is the establishment of an export value under either section 402a(d) or 402(b), *supra*. Failure to prove the elements of export value eliminates the necessity of considering the numerous and varied questions which arise under the appraised basis,

foreign value, such as restrictions in the home market, or whether machines calibrated under the metric system as opposed to the inch system are similar. In addition, the question of whether machines manufactured for the home market are similar to those exported to the United States, where the motor and wiring conform to European electrical codes and voltages rather than the United States electrical codes and voltages.

Based upon plaintiff's exhibits 1 and 10, in particular, I am of the opinion that plaintiff has failed to prove the existence of an export value under either statutory provision. Plaintiff's exhibit 1 contains two price lists: one covering the period from November 15, 1960, to July 1, 1961, with a 6 percent increase after such date, and the other is from September 1, 1967.

The merchandise involved covers basically two time periods, 1963–64, and 1967. A review of the sales contained in plaintiff's exhibit 10 and the price lists in plaintiff's exhibit 1 do not establish a single price at which all could purchase the three types of machines involved herein. These exhibits in fact indicate a variation in price. In addition thereto, the price lists have never been circulated in the trade and are therefore not evidence of a free offering. *Judson Sheldon International Corporation* v. *United States*, 51 Cust. Ct. 374, R.D. 10586 (1963), aff'd, 54 Cust. Ct. 773, A.R.D. 183 (1965).

The statement of the affiant in plaintiff's exhibit 10 that all sales for export to the United States were made at list price less 20 percent, less 3 percent port, is not borne out by the list of sales attached to said exhibit 10.

Plaintiff has accordingly failed to overcome the statutory presumption of correctness attaching to the appraised value. Therefore, the appraised values, presumptively correct, must stand.

The court finds the following facts:

1. The imported merchandise consists of Breda radial drills, models R915–L, R1220 M.P. and R1880 M.P.

2. The merchandise was appraised on the basis of foreign value as defined in section 402a(c), Tariff Act of 1930, as amended, *supra*.

3. The plaintiff has failed to present evidence that on or about the dates of exportation herein, the merchandise was freely offered for sale for export to the United States.

The court therefore, concludes:

1. Plaintiff has failed to overcome the statutory presumption of correctness attaching to the appraised values.

2. Foreign value, as defined in section 402a(c), as amended, *supra*, is the proper basis for the determination of the values of the merchandise covered by the appeals for reappraisement herein.

3. That such value is represented by the appraised values.

Judgment will be entered accordingly.